# In the United States Court of Federal Claims

No. 24-1087C

(Filed: October 1, 2024)

|  | ) |
| --- | --- |
| **DAVID HOROWITZ, ET AL.,** | ) |
|  | ) |
| *Plaintiffs,* | ) |
| **v.** | ) |
|  | ) |
| **THE UNITED STATES,** | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*David Horowitz,* Sacramento, CA, and *Colleen Lasham,* Sacramento, CA, *pro se.*

*Nelson Kuan*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

**SOLOMSON, Judge**.

On July 16, 2024, Plaintiffs David Horowitz and Colleen Lasham, proceeding *pro se*, filed a complaint against Defendants, the State of Hawaii and the United States (as well as the "trustees thereof" of both) in this Court. ECF No. 1 ("Compl.") at 1. Plaintiffs allege that United States and Hawaii state officials "breached their duties by not providing the necessary accounting and by retaining rights, titles, and interests due to TARA LINDSEY LASHAM." *Id.* at 3. Plaintiffs proclaim themselves "trustees of the PERSON TARA LINDSEY LASHAM" and "claim the right to a full accounting and transfer of all rights, titles, and interests previously managed by the STATE OF HAWAII and UNITED STATES OF AMERICA." *Id.* at 2.

Plaintiffs seek declaratory relief and an order recognizing David Horowitz and Colleen Lasham as the "rightful representatives of the PERSON/EXPRESS TRUST 'TARA LINDSEY LASHAM,'" and ordering "the STATE OF HAWAII and the UNITED STATES OF AMERICA and the trustees thereof to provide a full accounting and transfer all rights, titles, and interests" to Plaintiffs. *Id.* at 4. On August 21, 2024, the Court stayed the government's response while it reviewed Plaintiffs' complaint for probable lack of jurisdiction. ECF No. 5. That same day, Plaintiffs filed a Motion for Reconsideration and Notice of Mistake. ECF No. 6. These filings do not alter the substance of Plaintiffs'

complaint and, accordingly, are addressed in this opinion.

Plaintiffs are proceeding *pro se*, and this Court generally holds *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3) and denies their motion for reconsideration. *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, the Tucker Act limits this Court's jurisdiction to claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims' . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the

court." (citations omitted)).  The Court thus lacks jurisdiction to decide claims against either individuals (whether in their official or personal capacity) or against state or local governments (or their employees).  *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Plaintiffs allege that "The trustees of the STATE OF HAWAII … breached their duties by not providing the necessary accounting and by retaining rights, titles, and interests due to TARA LINDSEY LASHAM."  Compl. at 3.  However, this Court does not have jurisdiction to hear claims against a state or its officials.  Thus, insofar as Plaintiffs' complaint takes aim at either Hawaii or any individuals, the Court lacks jurisdiction to decide Plaintiffs' claims.

*Second,* to the extent Plaintiffs claim that the federal government "breached their duties by not providing the necessary accounting and by retaining rights, titles, and interests due to TARA LINDSEY LASHAM," Compl. at 3, this Court lacks jurisdiction to decide such claims, whether pursuant to the due process clause of the Constitution or the Administrative Procedure Act, neither of which is even mentioned in the complaint.  *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those statutes or constitutional provisions mandate the payment of money."); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims pursuant to the Fifth Amendment or standalone Administrative Procedure Act claims).  Nor does this Court have jurisdiction over any claim "sounding in tort."  28 U.S.C. § 1491(a)(1).

In sum, Plaintiffs' complaint lacks any non-conclusory, non-frivolous factual allegations that amount to a claim within this Court's jurisdiction.  This Court lacks jurisdiction to decide Plaintiffs' claims.

For the reasons explained above, the Court hereby **DISMISSES** Plaintiffs' complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3), and **DENIES** Plaintiffs' motion for reconsideration. The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge